I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY ~~Petitioner~~
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES) AT~~ THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 8.14.12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 14 2012

CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ZULMAI NAZARZAI,         ) Case No. SACV 11-1160-DMG (JPR)
                         )
         Petitioner,     )
                         ) ORDER ACCEPTING FINDINGS AND
    vs.                  ) RECOMMENDATIONS OF UNITED STATES
                         ) MAGISTRATE JUDGE
SANDRA HUTCHENS,         )
                         )
         Respondent.     )
                         )
                         )

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of the United States Magistrate Judge. On March 26, 2012, Petitioner filed Objections to the Report and Recommendation. For the most part, Petitioner simply repeats the arguments in his Petition and Traverse. He does, however, raise an entirely new claim: that his imprisonment for civil contempt for longer than a year violates California Penal Code section 19.2. (Objections at 4-9.) Petitioner acknowledges that he has never before presented this claim to any court, state or federal. (Objections at 9.)

The Court declines to address this claim for several reasons. First, Objections to a Report and Recommendation are not the appropriate vehicle for raising a new habeas claim. Cf.

1 | <u>Cacoperdo v. Demosthenes</u>, 37 F.3d 504, 507 (9th Cir. 1994)
2 | (declining to consider claim raised for first time in traverse).
3 | Second, the claim is unexhausted, and therefore this Court may
4 | not consider it.  <u>See</u> 28 U.S.C. § 2254(b)(1); <u>Rose v. Lundy</u>, 455
5 | U.S. 509, 518-19, 102 S. Ct. 1198, 1203-04, 71 L. Ed. 2d 379
6 | (1982).  Finally, the claim again evinces a misunderstanding of
7 | the nature of federal habeas review.  This Court can grant relief
8 | only if Petitioner is in custody in violation of <u>federal</u> law.
9 | Even if Petitioner is correct and California allows for
10 | imprisonment for civil contempt for no more than a year, his
11 | imprisonment for a term greater than that would not violate
12 | clearly established federal law as recognized by the U.S. Supreme
13 | Court because that Court has repeatedly affirmed civil contempt
14 | sentences of longer duration.  <u>See, e.g.</u>, <u>Shillitani v. United</u>
15 | <u>States</u>, 384 U.S. 364, 371 & n.8, 86 S. Ct. 1531, 1536 & n.8, 16
16 | L. Ed. 2d 622 (1966) (noting that grand jury witnesses who
17 | refused to answer jury's questions could be held in civil
18 | contempt until they complied with court order to do so, even if
19 | that term stretched into years, as long as grand jury or
20 | successor grand jury was sitting); <u>Int'l Union, United Mine</u>
21 | <u>Workers of Am. v. Bagwell</u>, 512 U.S. 821, 828, 114 S. Ct. 2552,
22 | 2557, 129 L. Ed. 2d 642 (1994) (civil contemnor may be held
23 | "indefinitely until he complies"); <u>see also</u> <u>United States v.</u>
24 | <u>Harris</u>, 582 F.3d 512, 519 (3d Cir. 2009) (civil contemnor's
25 | incarceration for five years did not offend due process);
26 | <u>Armstrong v. Guccione</u>, 470 F.3d 89, 110 (2d Cir. 2006) (same, for
27 | six-year period of incarceration).
28 |     Accordingly, having reviewed <u>de novo</u> those portions of the

1 | record to which objections have been made, the Court accepts the
2 | findings and recommendations of the Magistrate Judge.
3 |     IT THEREFORE IS ORDERED that the Petition is denied without
4 | leave to amend and Judgment be entered dismissing this action
5 | with prejudice.

7 | DATED: August 13, 2012

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE